**GUAN YING CHEN, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General,\* Respondent.**

**No. 08-3178-ag.**

United States Court of Appeals, Second Circuit.

July 23, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Waisim M. Cheung, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; David V. Bernal, Assistant Director; Anthony C. Payne, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, REENA RAGGI and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Guan Ying Chen, a native and citizen of the People's Republic of China, seeks review of a June 3, 2008 order of the BIA affirming the June 28, 2006 decision of Immigration Judge ("IJ") Sandy K. Hom, denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

*In re Guan Ying Chen,* No. A78 689 241 (B.I.A. June 3, 2008), *aff'g* No. A78 689 241 (Immig. Ct. N.Y. City June 28, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, because Chen did not challenge the IJ's denial of her withholding of removal and CAT claims before either the BIA or this Court, we deem any such argument abandoned. *See Gui Yin Liu v. INS,* 508 F.3d 716, 723 n. 6 (2d Cir.2007).

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

Chen's application for asylum was based on three independent claims: (1) that she suffered past persecution because of her IUD insertion; (2) that she has a well-founded fear of future persecution because she resisted China's family planning policy by refusing to attend her mandatory gynecological exam; and (3) that she has a well-founded fear of future persecution because she gave birth to a second child in the United States. We conclude that the BIA did not err in finding that Chen failed to establish her eligibility for asylum based on these claims.

■ With respect to Chen's claim that having an IUD inserted was past persecution, the agency was correct that Chen failed to demonstrate any "aggravating factors" related to the IUD insertion or

that the IUD insertion was on account of her resistance to China's family planning policies, rather than a "routine medical procedure." *See Matter of M–F–W & L–G–*, 24 I. & N. Dec. 633 (B.I.A.2008).

Although the BIA did not clearly address Chen's claim that she has a well-founded fear of future persecution because she resisted China's family planning policy by refusing to appear for a mandatory gynecological exam after her IUD fell out, we conclude that remand is not necessary in this case. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401 (2d Cir.2005) (remand futile "where there is no realistic possibility that, absent the errors, the IJ or BIA would have reached a different conclusion"). This part of Chen's claim relies on Fujian Province's Family Planning Policy, which was not submitted before the IJ and is not part of the administrative record. *See Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 270–71 (2d Cir.2007). In any event, that document does not support Chen's assertion that the punishment for failing to attend a mandatory exam is forced sterilization. Chen thus has not demonstrated that she faces persecution upon return to China. *See Matter of M–F–W & L–G–*, 24 I. & N. Dec. 633 ("Even if the alien can show resistance, it is still necessary to establish that any resulting punishment constitutes persecution, as opposed to less serious sanctions meant to pressure the alien into submission.").

The BIA also properly denied Chen's claim that she reasonably fears forcible sterilization because she gave birth to a second child in the United States. The BIA concluded that the evidence Chen submitted, including the Aird affidavit and affidavits from her sister and sister-in-law, was insufficient to establish the existence of a policy of forced sterilization in China likely to be applied to Chen, and we identi-

fy no error in this determination. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 170 (2d Cir.2008); *Wei Guang Wang v. BIA*, 437 F.3d 270, 274–76 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.